O     JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4875 AHM (SHx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | IRNETTE PRICE, *et al.* v. WASHINGTON MUTUAL, N.A., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On July 1, 2010, Plaintiffs Irnette Price and Thomas D. Price (collectively, "Plaintiffs") filed a Complaint in this Court, alleging claims for breach of contract and fraud. The Complaint did not allege a basis for this Court's exercise of jurisdiction, so the Court issued an Order to Show Cause why the Complaint should not be dismissed for lack of jurisdiction.

On July 13, 2010, Plaintiffs responded to the Court's Order to Show Cause. In their response, Plaintiffs contend that the amount in controversy is a disputed debt in the amount of $671,580.00. Plaintiffs further contend that Defendants JP Morgan Chase and Washington Mutual are citizens of states other than California for diversity purposes, but do not provide any information on the citizenship of Defendants Quality Loan Services Corp. or Diane Barrette. Thus, Plaintiffs have failed to establish that complete diversity exists under 28 U.S.C. § 1332(a).

Plaintiffs also claim that federal question jurisdiction exists, arguing that they have "pled violations of federal banking regulations including without limitation, material nondisclosures required by the Truth in Lending Laws, Home Owner's Equity Protection Act . . ." However, the Complaint alleges only two state law causes of action for (1) breach of contract, and (2) fraud. Nowhere does the Complaint mention (either in name or in substance) the Truth in Lending Act or the Home Owner's Equity Protection Act. The only place any federal statute is specifically mentioned is in a footnote to a paragraph in the breach of contract claim that alleges "Defendants Banks and their agents and successors [sic] conduct respecting the Deed of Trust renders it void as violative of securities law." (Compl. ¶ 17.) The footnote states "The Counterfeit Detection Act of

O      JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4875 AHM (SHx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | IRNETTE PRICE, *et al*. v. WASHINGTON MUTUAL, N.A., *et al*. | | |

1992, Public Law 102-550, in Section 411 of Title 31 of the *Code of Federal Regulations*, permits reproductions of securities for any non fraudulent purpose, provided the items are reproduced in black and white and are less than three-quarters or greater than one-and-one-half times the size, in linear dimension, of any part of the original item being reproduced. . . . *See also* Title 18 USC 472 *et seq*." This fails to establish federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' breach of contract claim cannot "arise under" the Counterfeit Detection Act. The regulation cited by Plaintiffs, 31 C.F.R. § 411, states:

> (a) Notwithstanding any provision of chapter 25 of Title 18 of the U.S. Code, authority is hereby given for the printing, publishing or importation, or the making or importation of the necessary plates or items for such printing or publishing, of color illustrations of U.S. currency provided that:
>
> (1) The illustration be of a size less than three-fourths or more than one and one-half, in linear dimension, of each part of any matter so illustrated;
>
> (2) The illustration be one-sided; and
>
> (3) All negatives, plates, positives, digitized storage medium, graphic files, magnetic medium, optical storage devices, and any other thing used in the making of the illustration that contain an image of the illustration or any part thereof shall be destroyed and/or deleted or erased after their final use in accordance with this section.

This regulation appears to exempt certain reproductions of U.S. currency from criminal statutes outlawing the creation of counterfeit currency. *See Boggs v. Rubin*, 161 F.3d 37, 42 (D.C. Cir. 1998). As such, it has no bearing on Plaintiffs' contract claim.

    Finally, Plaintiffs contend that "the purported loan is a HUD loan, pursuant to Title 12 USC section 3755, 3756, and that the only entity authorized to foreclose on Plaintiff's [sic] mortgage is the Secretary of HOUSING AND URBAN DEVELOPMENT." Plaintiffs, however, do not support this assertion with any factual allegations, nor do they explain how this fact (if true) would establish federal question jurisdiction over their

O     JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4875 AHM (SHx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | IRNETTE PRICE, *et al.* v. WASHINGTON MUTUAL, N.A., *et al.* | | |

contract and fraud claims.

    Thus, Plaintiffs' assertions fail to establish subject matter jurisdiction in this Court. Accordingly, the Court DISMISSES the action for lack of jurisdiction.

                                                    :

Initials of Preparer     se